IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE E. MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:16-CV-302-WKW |
| | ) | [WO] |
| ROBIN MCCOY-ALFRED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is Plaintiff's Complaint for Damages and Motion for Temporary Restraining Order and Injunction Against Foreclosure. (Doc. # 1.) The motion for a temporary restraining order is due to be denied.

Plaintiff contends that this court may exercise subject-matter jurisdiction over his claims pursuant to 28 U.S.C. § 1332. To invoke the court's diversity of citizenship jurisdiction under § 1332, the complaint must allege facts that, if true, show that no plaintiff is a citizen of the same state as any defendant. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (applying the complete diversity rule). If the allegations are insufficient to satisfy the requirement of complete diversity, the district court is without jurisdiction to take any action in the case. *Id.* at 1269.

Plaintiff Ronnie E. McCoy alleges that he is "a citizen domiciled in Georgia." (Doc. # 1, at 2.) He further alleges that Defendant Laura Lubin is a "resident of

Muscogee County, Georgia." (Doc. # 1, at 3.)  Because the allegations in the complaint only support the conclusion that both Plaintiff and Ms. Lubin are citizens of Georgia, the complaint does not satisfy the complete diversity rule.  *See Travaglio*, 735 F.3d at 1268.  It also is unclear, in light of Plaintiff's allegation that the value of the home does not exceed $25,000, whether the amount in controversy requirement is satisfied.  *See* § 1332.  This court is without sufficient allegations of subject-matter jurisdiction to take any action with respect to this case.

Even if the court had subject-matter jurisdiction to entertain the motion for a temporary restraining order, the allegations in the verified complaint are inadequate to show that such an extraordinary form of relief should issue.  Plaintiff seeks to enjoin a foreclosure, but the motion for temporary injunctive relief fails to identify the date on which the alleged foreclosure is scheduled to take place.

Accordingly, it is ORDERED that Plaintiff's motion for temporary restraining order (Doc. # 1) is DENIED for lack of subject-matter jurisdiction.  It is further ORDERED that Plaintiff shall show cause, on or before **May 13, 2016**, why this action should not be dismissed for lack of subject-matter jurisdiction.

DONE this 29th day of April, 2016.

                                             /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE